## DOELL *v.* SCHRIER ET AL.

[No. 5,534. Filed October 11, 1905.]

1. PLEADING.—*Answer.*—*Injunction.*—To a suit to restrain defendants from cutting certain timber upon plaintiff's land, an answer that defendants have neither cut nor are they threatening to cut any timber except that which they have purchased from plaintiff is good. p. 257.

2. SAME.—*Answer.*—*Injunction.*—*Timber.*—*Custom.* — *Presumption.*—To a complaint for an injunction to prevent a threatened cutting of plaintiff's "burr oak" trees, an answer that defendants had purchased plaintiff's "white oak" trees and that by a general usage and custom "burr oaks" were classed and regarded as "white oaks" is sufficient, the presumption being that plaintiff knew of such alleged general usage and custom. p. 258.

3. PLEADING.—*Answer.*—*Contracts.*—*Mutual Mistake.*—To a complaint to prevent the threatened cutting of plaintiff's oak trees other than pin oak and white oak fifty inches and over in circumference two feet above the ground, an answer that defendants bought all of plaintiff's oak trees except such white oak under such size, but by mutual mistake of the parties and the scrivener such contract did not so state, is good.   p. 258.

4. APPEAL AND ERROR.—*Weighing Evidence.*—*Statutes.*—The Appellate Court will not weigh conflicting evidence under the act of 1903 (Acts 1903, p. 338, §8).   p. 259.

From Jackson Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by Elizabeth Doell against George R. Schrier and another. From a decree for defendants, plaintiff appeals. *Affirmed.*

*William H. Enderbrock* and *Henry H. Prince,* for appellant.

*Oren O. Swails,* for appellees.

COMSTOCK, J.—The appellant at the May term, 1903, of the Jackson Circuit Court filed her complaint against the appellees, alleging that she was the owner of certain real estate described in her complaint, situated in Jackson county, in the State of Indiana, and that on the —— day of March, 1902, she sold to defendants the following described timber, growing on said land, to wit:   All the pin oak timber, all the hickory timber, and all the white oak timber measuring more than fifty inches in circumference two feet above the ground; that there is growing upon said land a large amount of young timber, which is thrifty and increasing in value; that there is also growing upon said land a large amount of valuable red oak, burr oak, black oak and other kinds of trees; that on the 3d day of April, and prior thereto, and since that time, defendants did wrongfully and without the license or consent of the plaintiff enter upon said real estate and cut down and remove therefrom and convert to their own use a large number of red oak, burr oak, black oak, sweet gum and other trees

not included in said written contract of sale; and defendants also cut down and removed from said lands a large number of thrifty growing trees measuring less than fifty inches in circumference two feet above the ground; that the timber so wrongfully cut and removed from said lands by said defendants is of the value of $200, and the defendants are threatening to, and will, if not restrained by this court, cut down and remove all of said growing timber; that the destruction of said trees would greatly and permanently injure said real estate, and the plaintiff could not be compensated therefor in damages. The prayer of said complaint was for the court to grant a restraining order to prevent defendants from further cutting and removing said trees and timber. With said complaint and as a part of it is said contract as follows: "This agreement, entered into between Anna E. Sierp, party of the first part, and George R. Schrier and Thomas J. Stanfield, party of the second part, witnesseth that the party of the first part has this day sold to the party of the second part all the pin oak timber, all the hickory timber, and all the white oak timber measuring more than fifty inches in circumference two feet above the ground, on the following real estate in Jackson county, Indiana: West half of the southeast quarter of section thirty-three, township five north, range five east. And the parties of the second part are given time until December 24, 1903, to cut down and remove said timber from said real estate. In consideration, as payment for said timber, the parties of the second part agree to pay to the party of the first part the sum of $1,220. In witness whereof, the party of the first part and the parties of the second part have hereunto set their hands and seals this —— day of March, 1902.

Elizabeth X Sierp. George R. Schrier. T. J. Stanfield."
mark

On the 11th day of April, 1903, that being vacation of the Jackson Circuit Court, the regular judge of the forty-

second judicial circuit granted and filed a temporary restraining order, as prayed for in plaintiff's complaint. On the 2d day of May, 1903, plaintiff, in vacation, filed a second paragraph of complaint, containing about the same allegations as were embodied in the first, with the additional allegations that the wrongful cutting was done by the defendants and by their agents and servants, and specifying that they had cut sixty-eight pin oak trees, six white oak trees under size, twelve black oak trees, six burr oak trees and two sweet gum trees. The defendants' demurrer to each paragraph of complaint was overruled. The defendants answered jointly in three paragraphs: The first, general denial. The second alleges that the defendants admit the cutting and removal from said land of white oak trees measuring more than fifty inches in circumference two feet above the ground, and hickory and other oak trees; but they aver that prior to cutting and removing said trees and timber they had bought the same from plaintiff for $1,200, and as a part of the agreement of sale and purchase of said timber appellees were given permission by appellant to enter said lands and to cut and remove said timber and trees at any time prior to the 24th day of December, 1903. And so defendants aver that said acts so done by them on the premises of plaintiff were all done with her full knowledge, consent, license and permission, and they deny that they have cut or threatened to cut, or expressed or entertained any intention to cut in the future, any trees or timber upon said lands of the plaintiff other than those so bargained and sold by her to them and by her authorized to be cut and removed.

The third paragraph of answer admits the cutting and removing from the lands of the plaintiff of the trees and timber mentioned in plaintiff's complaint, also sets forth a copy of the written contract, and further alleges that defendants bought all kinds of oak trees on said land other than white oak measuring less than fifty inches in circumference two feet above the ground, and said agreement was intended to

and did convey and authorize the cutting and removing of all such timber, but by inadvertence and mutual mistake of the parties, and a misunderstanding or a mistake on the part of the scrivener who drew said writing, said agreement specified only pin oak and white oak trees, and in commercial circles and by general custom prevailing at the time of making said contract, and ever since in said community and elsewhere, the species of oak mentioned in the complaint as burr oak was and is classed and regarded as white oak; that all trees and timber so cut by them were cut and removed by virtue of said contract.

Defendants also filed a cross-complaint, which alleges about the same facts contained in the second and third paragraphs of answer, and in addition to these allegations asks a reformation and correction of said written contract, on account of the mutual mistake of the parties thereto. Plaintiff demurred to the second and third paragraphs of defendants' answer; also to the cross-complaint, which demurrers were overruled, to which rulings of the court the plaintiff at the time excepted. The trial by the court resulted in a finding and decree for defendants, and judgment against plaintiff for costs.

The appellant assigned as error the action of the court in overruling her demurrer to the second and third paragraphs of appellees' answer to appellant's first and second paragraphs of complaint, in overruling her demurrer to appellees' cross-complaint and in overruling her motion for a new trial, and that the decision of the court is not fairly supported by the evidence and is clearly against the weight of the evidence.

To consider these specifications in the order named, the second paragraph of the answer is claimed to be defective in this: That the appellant's complaint is based 1. upon a written contract, and the answer was upon an oral contract without mentioning the written contract. Said second paragraph alleges, in substance, that

defendants cut and removed only trees which they had purchased from plaintiff and which they removed with her permission, and they deny that they cut, or threatened to cut, or entertained any intention to cut, any trees or timber upon the lands of plaintiff, other than those bargained and sold to them by her and by her authorized to be cut and removed. We think this answer meets the complaint.

The objection to the third paragraph of answer is: First, that it charges that "in commercial circles and by general custom prevailing at the time of making said contract, and ever since in said community and elsewhere, the species of oak mentioned in the complaint as burr oak was and is classed and regarded as white oak;" that this answer, to be good, should state and allege that this custom and usage was known to both parties to the contract, and especially to the appellant at the time she entered into the written contract. In answer to this objection we think it sufficient to say that the parties are presumed to know general usage and custom.

The second objection to said paragraph is that it states "that the defendants in fact bought all kinds of oak on said lands other than white oak measuring less than fifty inches in circumference two feet above the ground. Said agreement was intended to and did authorize the cutting and removing of all such timber, but by inadvertence and mutual mistake of the parties, and a mistake or misunderstanding on the part of the scrivener who drew said writing, said agreement specified only pin oak and white oak trees;" that the answer should have stated that this intention to which appellees desired the contract to be made conformable continued concurrently down to the time of the execution of said written contract. The answer alleges that certain timber was bought, but by mutual mistake of the parties and of the scrivener the agreement specified only a part of said timber. It states that by mutual mistake the agreement specified certain things.

MAY TERM, 1905.      259

Warman, etc., Co. *v.* Indianapolis, etc., Fuel Co.—36 Ind. App. 259.

That, in effect, says that such mistake existed at the time the agreement was made. The same objections substantially are made to the cross-complaint that are made to the third paragraph of answer, and what we have said concerning said paragraph is applicable to the complaint. There is no error in the action of the court upon the demurrers to the paragraphs of answer and to the cross-complaint.

The remaining claim of appellant for the reversal of the judgment discussed is that "the finding of the court is not supported by the evidence and is clearly against the weight of the evidence." It is contended by the appellees that the evidence is not properly in the record, and that therefore this claim of appellant can not be considered. Whether the evidence is in the record or not we do not decide. We have, however, read it, and the able argument of counsel for appellant thereon, with interest. We find a conflict, but can not say that any material allegation of the appellees' answers or cross-complaint is without support, and as has been recently held by the Supreme and this Court in several cases under section eight of the act approved March 9, 1903 (Acts 1903, p. 338, §641h Burns 1905), the evidence will not be weighed upon appeal. The judgment is affirmed.